**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0128**
**A23-0129**

State of Minnesota,
Respondent,

vs.

Emanuel Garza,
Appellant.

**Filed February 5, 2024**
**Appeal dismissed in part, reversed in part, and remanded**
**Ross, Judge**

Polk County District Court
File Nos. 60-CR-20-1337, 60-CR-20-1983

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Greg Widseth, Polk County Attorney, Scott A. Buhler, Assistant County Attorney, Crookston, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Andrew J. Nelson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Bratvold, Presiding Judge; Ross, Judge; and Schmidt, Judge.

**SYLLABUS**

A defendant on trial for escape from custody for having failed to return following a temporary leave granted for a limited period under Minnesota Statutes section 609.485, subdivisions 1 and 2(1) (2020), is entitled to have the district court instruct the jury that the state has the burden to prove that his failure to return was intentional and voluntary.

# OPINION

**ROSS**, Judge

Incarcerated in Crookston and awaiting trial on multiple misdemeanor and felony offenses, Emanuel Garza obtained an eight-hour furlough to attend his mother's funeral but failed to return until his capture two weeks later. Before trial on the consequent escape-from-custody charge, the district court denied Garza's request to include a *mens rea* element in its jury instructions. The appeal is dismissed as to consolidated case number A23-0128 because Garza's briefing challenges only his escape-from-custody conviction. Because the crime of escape includes a *mens rea* element requiring the state to prove that the defendant's failure to return from a furlough was intentional and voluntary, the district court abused its discretion by refusing to include the element in its jury instructions. And because the failure to give the instruction was not harmless beyond a reasonable doubt, we reverse Garza's conviction and remand for a new trial.

## FACTS

Appellant Emanuel Garza made first appearances in Polk County District Court on multiple dates from April to October 2020 for a long list of misdemeanor and felony offenses involving drugs, driving, contempt, and ammunition-possession. Incarcerated in Crookston at the Northwest Regional Corrections Center, Garza informed the court on November 25 that his mother had died and that her funeral would occur on November 27. Garza asked the district court to grant a furlough lasting more than one month. The district court granted an eight-hour furlough so Garza could attend the funeral. The district court explained that the furlough would begin at 8:00 a.m. and end at 4:00 p.m., and it warned

Garza that if he failed to return on time he "could face new and separate felony level charges of escape from custody." Garza acknowledged that he understood.

The correctional facility released Garza from custody as planned on November 27, 2020, but he did not return by the specified time. The state charged Garza with felony escape from custody under Minnesota Statutes section 609.485, subdivision 2(1), for failing to return by the end of his furlough. Police found and arrested Garza at a hotel in Moorhead at about 7:00 p.m. on December 15. Although it was nighttime and dark, Garza was wearing sunglasses and a hat that concealed distinctive tattoos that covered much of his head.

Before trial in June 2022 on the escape charge, the district court addressed the parties' dispute over jury instructions on the elements of the offense. The prosecutor argued that the district court should omit a *mens rea* element because neither the statute nor the model jury instruction guide includes one. Garza's attorney countered, arguing that caselaw establishes that the offense includes the general intent *mens rea* element requiring the state to prove that Garza made his alleged escape intentionally and voluntarily. The district court announced that it planned to define the offense using an instruction that included no *mens rea* element, and, after the close of evidence, it instructed the jury accordingly. The jury found Garza guilty of escape from custody. The district court convicted him of escape, and Garza appeals that conviction.

The state had also charged Garza in August 2020 with third-degree possession of a controlled substance and possession of ammunition as a prohibited person. After the jury found him guilty of escape from custody, Garza entered an *Alford* plea on the drug and

3

ammunition charges and filed a separate notice of appeal from those convictions. This court consolidated his two appeals and now resolves them.

**ISSUE**

Did the district court abuse its discretion by not instructing the jury that the state was required to prove that Garza's failure to return to custody was intentional and voluntary?

**ANALYSIS**

Garza appeals from his conviction of escape from custody, arguing only that the district court erred by not instructing the jury that the state had the burden to prove that his failure to return was intentional or voluntary. We review challenges to the district court's jury instructions for an abuse of discretion. *State v. Stay*, 935 N.W.2d 428, 430 (Minn. 2019). The district court abuses its discretion by failing to instruct the jury properly on all the elements of the charged offense. *Id.* It also abuses its discretion if its instructions materially misstate the law. *State v. Kelley*, 855 N.W.2d 269, 274 (Minn. 2014). For the following reasons, we conclude that the district court abused its discretion by failing to instruct the jury on the *mens rea* element of intentional and voluntary.

The state emphasizes accurately that the statute defining Garza's crime of escape does not expressly include a *mens rea* element. The statute prohibits, among other acts, an "escape[] while [being] held pursuant to a lawful arrest [or] in lawful custody on a charge or conviction of a crime." Minn. Stat. § 609.485, subd. 2(1). The statute defines "escape" to include a criminal defendant's "failure to return to custody following temporary leave granted for a specific purpose or limited period." Minn. Stat. § 609.485, subd. 1. Based on

4

this language, which does not mention a defendant's mental state, the state argues that the district court properly rejected Garza's request for a jury instruction indicating that the state had to prove he acted intentionally and voluntarily. The argument fails under long-established caselaw.

An unbroken line of precedential cases has recognized that the crime of escape includes the element of general, volitional intent despite the absence of an express intent element in the statute. Sixty years ago, the supreme court in *State v. Jones* observed that escape from custody is "broadly defined as *the voluntary* departure of a person without force from the lawful custody of an officer or from any place where he is lawfully confined." 124 N.W.2d 729, 731 (Minn. 1963) (emphasis added). Consistent with this understanding, the supreme court later rejected an appellant's argument that the district court erroneously accepted his guilty plea "because he did not possess the element of intent at the time he escaped," holding that "the record refute[s] defendant's contention that he did not intend to escape from the prison because he was so intoxicated that he did not know what he was doing." *State v. Dinneen*, 184 N.W.2d 16, 19–20 (Minn. 1971). Thirteen years after it decided *Jones*, the court more specifically held, "Under [Minnesota Statutes section] 609.485, the acts must be intentional and voluntary in order for the departure to constitute an escape." *State v. Knox*, 250 N.W.2d 147, 154 (Minn. 1976). And three years after that, the court clarified that, although "the [escape] statute does not include a requirement of *specific* intent," it does include the required element of "the [*general*] intent to do the act which results in the departure from custody." *State v. Kjeldahl*, 278 N.W.2d 58, 61 (Minn. 1979) (emphasis added). No supreme court opinion or precedential opinion

5

of this court casts any doubt about the continued vitality of the well-settled rule that escape includes the element of the defendant's intentional and voluntary act.

The state would have us hold that the district court was not required to include any *mens rea* element because the model jury instruction repeats the statutory language with no intent element. *See* 10A *Minnesota Practice*, CRIMJIG 24.02 (2015). But the model instruction is designed only to assist the district court in following the law and does not itself establish the law. *See State v. Peterson*, 673 N.W.2d 482, 484 (Minn. 2004). The district court must determine the appropriate instruction on its own, recognizing that the model instruction might not have adequately or correctly incorporated the controlling caselaw. *See State v. Taylor*, 869 N.W.2d 1, 15 (Minn. 2015) ("When there is a conflict between the Minnesota Jury Instructions Guide . . . and the statute or our case law, the latter two control."). Applying that caselaw here, we hold that a defendant on trial for escape from custody for having failed to return following a temporary leave granted under Minnesota Statutes section 609.485, subdivisions 1 and 2(1), is entitled to an instruction informing the jury of the state's burden to prove that his failure to return was intentional and voluntary. Although we merely restate rather than establish this rule of law today, we do so in this precedential opinion because the district court and prosecutor expressed considerable doubt about the legal standard despite Garza's recitation of some of the caselaw just outlined. We do so also to clarify that the *men rea* requirement applies to both methods of escape under the statute—fleeing custody and failing to return to custody. In sum, we agree with Garza that the district court abused its discretion by failing to include the requested instruction.

6

We must next decide whether the district court's failure to properly instruct the jury warrants reversing Garza's conviction. We review for harmless error a district court's failure to instruct the jury on an element of the charged offense, *see* Minn. R. Crim. P. 31.01, meaning that we "examine all relevant factors to determine whether, beyond a reasonable doubt, the error did not have a significant impact on the verdict." *State v. Shoop*, 441 N.W.2d 475, 481 (Minn. 1989). We cannot say beyond a reasonable doubt here that the district court's failure to instruct the jury on the *mens rea* element did not significantly impact the jury's decision. Garza's attorney reasonably predicted before trial that, if the jury were properly instructed, "there [would be] a great deal of circumstantial evidence the State [would] be able to argue in its closing argument that would show that Mr. Garza's failure to return to custody when required to do so was intentional." But the evidence as to whether Garza's ongoing failure to return to custody under the terms of his furlough was intentional and voluntary was not so overwhelming that we can be sure the omission did not affect the verdict. It is true, as the state points out, that the evidence demonstrated that Garza had been clearly informed of his return duty and return date, that he was found about two weeks after that date nearly 70 miles from where he was required to turn himself in, and that when he was arrested he was wearing sunglasses and a hat that concealed his unique scalp tattoos. But there was virtually no discussion during the parties' closing arguments about the state's duty to prove the intent element. This was presumably due to the district court's pretrial decision that it would not instruct jurors that they could find Garza guilty only if the state proved that his failure to return to custody was intentional and voluntary.

Under these circumstances, we are disinclined to affirm, mindful of the missing element instruction and the beyond-a-reasonable-doubt standard. Here we borrow the sentiment expressed by the supreme court in its jury-instruction opinion in *State v. Olson*: "Although defendant *probably* would have been convicted in any event, we cannot conclude *beyond a reasonable doubt* that he would have been convicted in any event." 482 N.W.2d 212, 216 (Minn. 1992). The instruction here allowed the jury to convict with no consideration of whether Garza's failure to return to custody was intentional. And we do not consider only the evidence actually presented and the arguments actually made, because we presume that both parties' trial decisions were influenced by the district court's pretrial instructional decision. So our difficulty is that we cannot fairly judge the merit of any defense Garza might have presented and the strength of evidence he might have offered had the district court properly announced before trial that it would instruct the jury on the intent element. Notwithstanding Garza's counsel's pretrial prediction about potential evidence of intent, as it turned out, the state did not present any evidence to prove that Garza intentionally and voluntarily failed to return to custody. And the prosecutor admitted at trial that the state would have presented other evidence if it had been required to do so. A jury must therefore decide the issue after Garza has had the genuine opportunity to address it.

Garza has made no argument to support his separate notice of appeal from his drug- and ammunition-possession convictions. We therefore dismiss that appeal.

## DECISION

The district court abused its discretion by failing to instruct the jury on the *mens rea* element of escape, and the error was not harmless. He gives us no reason to question his convictions for illegally possessing drugs or illegally possessing ammunition. We therefore reverse Garza's conviction of escape from custody and remand for a new trial, and we dismiss his abandoned appeal in the consolidated case.

**Appeal dismissed in part, reversed in part, and remanded.**